Eastern District of Kentucky
**F I L E D**
NOV 0 6 2013
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| CARLOS DeGLACE, | ) |
| Petitioner, | ) Civil Action No. 13-189-GFVT |
| v. | ) |
| WARDEN, FCI-MANCHESTER, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Carlos DeGlace is an inmate confined in the Federal Correctional Institution located in Manchester, Kentucky. DeGlace has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug convictions. [R. 1.] DeGlace has paid the $5.00 filing fee. [R. 2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates DeGlace's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because DeGlace cannot pursue his claims under 28 U.S.C. § 2241.

I

In 1998, a federal jury in Florida convicted DeGlace of one count of conspiring to possess with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 846, and one count of possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). *United States v. Deglace*, No. 98-8-CR-5-LAC (N.D. Fla. 1998). The district court sentenced DeGlace to 364 months imprisonment on each count, with the sentences to run concurrently. DeGlace appealed, but his conviction was affirmed. *United States v. Deglace*, 99 F. App'x 880 (11th Cir. 2004).[1]

DeGlace next filed a series of motions seeking relief from his sentence under 28 U.S.C. § 2255. In October 2001, DeGlace filed his first § 2255 motion, which the district court found was devoid of any factual basis. On November 19, 2011, DeGlace filed a motion to amend his original § 2255 motion. On May 20, 2002, the district court denied DeGlace's motion to amend on the grounds that the purported amended motion was time-barred, and also denied DeGlace's request for a certificate of appealability. [R. 246, 247, and 255 therein.] DeGlace appealed, but the Eleventh Circuit denied him a certificate of appealability. [R. 431, therein; *see also DeGlace v. United States*, No. 05-13585-H (11th Cir. Oct. 27, 2005).]

---

[1] In 2008 the district court, pursuant to its own 18 U.S.C. § 3582(c)(2) motion and Amendment 706 to the sentencing guidelines, reduced DeGlace's sentence to 294 months imprisonment for each count, with the sentences to run concurrently. DeGlace sought a further reduction of his sentence under § 3582(c)(2), but the district court denied his request. On appeal, the Eleventh Circuit affirmed the 294-month sentence, finding that DeGlace was not entitled to any further reduction of his sentence. *United States v. Deglace*, 353 F. App'x 310 (11th Cir. 2009).

2

In January 2006, DeGlace filed another § 2255 motion, which the district court denied that motion as an unauthorized second or successive § 2255 motion. [R. 433, 436, therein.] DeGlace appealed, but the Eleventh Circuit again denied him a certificate of appealability. [R. 460, therein; *see also DeGlace v. United States*, No. 06-12306-G (11th Cir. Aug. 18, 2005).]

On July 29, 2010, DeGlace filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. *DeGlace v. Warden, FCC Coleman-Low*, No. 5:10-CV-346-WTH-TBS (M. D. Fla. 2010). DeGlace argued that, pursuant to the Supreme Court's opinion in *United States v. O'Brien*, 560 U.S. 218 (2010), the drug quantities used to determine his sentence under § 841(b)(1)(A)(iii) were elements of the offense that had to be charged in the indictment and proved to a jury. On June 3, 2011, the district court dismissed the § 2241 petition for lack of jurisdiction, finding that DeGlace could not avail himself of the savings clause in 28 U.S.C. § 2255(e) to assert such a claim under § 2241. [R. 7, 8 therein.]

DeGlace appealed, arguing that the district court erred by ruling that the savings clause in § 2255(e) did not apply to permit him to file his 28 U.S.C. § 2241 petition. The Eleventh Circuit affirmed the denial of the § 2241 petition, holding that DeGlace had unsuccessfully asserted the same sentencing challenge in his § 2255 motion; that DeGlace should have requested, but did not request, appellate court permission to raise his sentencing claim in a second or successive § 2255 motion; and that *O'Brien* neither applied to Deglace's § 841 conviction nor stood for the proposition that the quantity of drugs for which a defendant is convicted is a question for the jury. *Deglace v. Warden, FCC Coleman-Low*, 484 F. App'x 307, 309 (11th Cir. 2012). DeGlace filed petition seeking a writ of *certiorari* in the United States Supreme Court, but on November

30, 2012, that request was denied. [R. 15, therein.] *United States v. DeGlace*, No. 98-8-CR-5-LAC (N.D. Fla. 1998).

## II

### A

In the instant § 2241 petition, DeGlace argues that the indictment under which he was charged in the district court was constitutionally deficient because it failed to allege the drug amount; that the jury was not instructed to consider the drug amount, which was an essential element of the offense; and that the district court rather than the jury determined the amount of drugs which he possessed. DeGlace contends that his current sentence violates both his Fifth Amendment right to due process of law, and his Sixth Amendment right to have a jury determine all of the factual predicates of the charged offenses. In support of his argument, DeGlace relies on a recent decision of the United States Supreme Court, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

### B

DeGlace is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, DeGlace challenges the constitutionality of his underlying federal conviction on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge; rather, 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally

4

challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501,

501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

DeGlace contends that *Alleyne v. United States*, 133 S. Ct. 2151, establishes a constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury; that it qualifies as a new rule of law which applies retroactively; and that it affords him relief from his sentence. However, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. This Court has held that with respect to a motion filed under § 2255 seeking relief from a sentence, *Alleyne* does not apply retroactively. *See United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure," and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also held that *Alleyne* does not apply retroactively to a petitioner seeking relief under § 2241. *See Smith v. Holland*, No. 13-CV-147-KKC, 2013 WL 4735583, at *4 (E. D. Ky.

Sept. 3, 2013); *Parks v. Sepanek*, No. 13-CV-109-HRW, 2013 WL 4648551, at *3 (E.D. Ky. Aug. 29, 2013); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013).

At least three other district courts in this circuit have similarly determined that *Alleyne* does not apply retroactively to cases on collateral review. *See Mingo v. United States*, No. 1:03-CR-203–05; No. 1:13-CV-787, 2013 WL 4499249, at *2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction.") Based on this authority, the Court is unable to conclude that *Alleyne* affords DeGlace any retroactive relief.

Moreover, DeGlace does not allege that he is actually innocent of either conspiring to possess crack cocaine with the intent to distribute or possessing crack cocaine with the intent to distribute, the underlying criminal offenses of which he was convicted. Instead, based on the rule announced in *Alleyne*, DeGlace contends only that the indictment failed to charge him with a specific amount of drugs and that the district court, as opposed to the jury, determined the amount of drugs he possessed. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of

sentencing error may not serve as the basis for an actual innocence claim. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Federal courts in this and other circuits have consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.").

Thus, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence as to their underlying convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), at *2-3, *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

In summary, because DeGlace has not established a claim of actual innocence based on the *Alleyne* decision, he is not entitled to proceed under § 2241. The Court will deny his petition and dismiss this proceeding.

### III

Accordingly, **IT IS ORDERED** that:

1. Carlos DeGlace's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

8

3.  This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 5 day of November, 2013.

Signed By:
Gregory F. Van Tatenhove
United States District Judge